UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) INDEPENDENT SCHOOL DISTRICT NO. 2134 ) OF WELLS, MN, ) ) Defendant. ) ) _____) | Civil Action No. 04-4094JNE/SRN COMPLAINT Jury Trial Demand |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act ("ADEA") to correct unlawful employment practices on the basis of age, and to provide appropriate relief to Stephen Navarra, Jacqueline Ramaker, and other similarly situated individuals ("class members"). The U.S. Equal Employment Opportunity Commission ("Commission") alleges that from at least June, 1998 through at least 2000, Independent School District 2134, United South Central Public Schools of Wells, Minnesota ("ISD 2134"), discriminated against the class members by paying an early retirement incentive cash benefit which had been reduced because of age.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of

SCANNED
SEP 13 2004
U.S. DISTRICT COURT MPLS

1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Minnesota.

## PARTIES

3. Plaintiff, the Commission, is an agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, the ISD 2134 has continuously been a public school district, known as the United South Central Public Schools operating in Wells, Minnesota, and has continuously had at least 20 employees.

5. At all relevant times, the ISD 2134 has continuously been an employer, a political subdivision of a State, within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

## CONCILIATION

6. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practice alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7.  From at least June, 1998 through at least June, 2000, ISD 2134 engaged in unlawful employment practices in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a), by entering into collective bargaining agreements which provided retiring employees a cash early retirement incentive consisting of a severance benefit calculated as 5 days pay for each year of service to a maximum of 100 which was reduced because of the employee's age. Since 1998, the following employees who retired from ISD 2134 have had their benefits reduced, specifically:

   a.  Stephen Navarra, who retired in June 1999, had his benefit reduced 15% because of his age, 58.

   b.  Jacqueline Ramaker, who retired in June 2000, had her benefit reduced by 55% because of her age, 62.

8.  The unlawful employment practices complained of in paragraph 7 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant ISD 2134, its appointees, employees, officers, successors, assigns, divisions, and all persons in active concert or participation with them, from engaging in employment practices that discriminate on the basis of age against individuals aged 40 and older.

B.  Grant a permanent injunction enjoining Defendant ISD 2134 from offering any early retirement incentive program which reduces benefits because of age.

3

  C. Grant a judgment requiring Defendant ISD 2134 to pay class members the amount of the early retirement incentive benefit to which each would have been entitled prior to the reduction based on his or her age, plus an equal sum as liquidated damages.

  D. Grant such further relief as the Court deems necessary and proper in the public interest.

  E. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated _____

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

Eric S. Dreiband
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel
1801 L Street NW
Washington, D.C. 20507

_____
Jean P. Kamp
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Milwaukee District Office
310 West Wisconsin Ave., Suite 800
Milwaukee, WI 53203
(414) 297-1860